UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

TEDDY FARMER,

                                  Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
DERRICK MCINTOSH (Shield 8849), POLICE
OFFICER VLAD KOGAN, SERGEANT ROBERTO
DOMINICCI, POLICE OFFICERS JOHN DOES 1-5,

                             Defendants.

----------------------------------------------------------------------- x

**ECF CASE**

**COMPLAINT**

07 CV 2982 (NRB)

<u>Jury Trial Demanded</u>

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  This case arises from an October 26, 2006 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, an illegal strip search, and fabricated evidence.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New

York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New

York's deliberate indifference to plaintiff's rights under federal law took place in this district,

specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian

Complaint Review Board located at 40 Rector Street.

<u>**PARTIES**</u>

4.    Plaintiff is a resident of the State of New York.

5.    The City of New York is a municipal corporation organized under the

laws of the State of New York.

6.    Police Officer Derrick Mcintosh is a member of the NYPD who was

involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on October 26,

2006.  Mcintosh is sued in his individual capacity.

7.    Police Officer Vlad Kogan is a member of the NYPD who was involved in

the arrest of plaintiff, and the events arising out of plaintiff's arrest, on October 26, 2006.  Kogan

is sued in his individual capacity.

8.    Sergeant Roberto Dominicci is a member of the NYPD who was involved

in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on October 26, 2006.

Dominicci is sued in his individual capacity.

9.    Police Officers John Does 1-5 are members of the NYPD who were

involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on October 26,

2006.  John Does 1-5 are sued in their individual capacities.

**STATEMENT OF FACTS**

10.     On October 26, 2006, plaintiff and a friend, Kenyatta Lebraun, both of whom were obeying the law, entered the lobby of 137 MacDonough Street, Brooklyn, New York.

11.     On October 26, 2006, Kenyatta Lebraun (who now resides in St. Croix), was a resident of 137 MacDonough Street.

12.     On October 26, 2006, Officers Derrick Mcintosh and Vlad Kogan, both of whom were in uniform, demanded entry into the lobby of 137 MacDonough Street.

13.     The officers were admitted into the building and arrested plaintiff and Lebraun without cause.

14.     On or about the same time, Sergeant Roberto Dominicci and approximately five other police officers arrived at the scene.

15.     All of the officers sued in this case, acting in concert, then subjected plaintiff to excessive and unnecessary force by throwing plaintiff to the ground, punching and kicking plaintiff in the head, face, and body, pushing plaintiff's face into the ground, and handcuffing plaintiff excessively tight interfering with plaintiff's circulation.

16.     Those officers who did not make physical contact with plaintiff during the assault on plaintiff watched the assault take place but failed to intervene or take remedial action.

17.     At the conclusion of the assault on plaintiff, the officers took plaintiff to the 79th Precinct for arrest processing.

18.     At the 79th Precinct, plaintiff was unlawfully strip searched in a restroom by an unidentified black officer with a shaved head.

3

19.    On October 26, 2006, at approximately 11:00 a.m., plaintiff was brought to Central Booking to await arraignment.

20.    While plaintiff was incarcerated in Central Booking, one or more of the officers sued herein maliciously conveyed false information to prosecutors in an effort to have plaintiff prosecuted.

21.    On October 26, 2006, at approximately 11:00 p.m., plaintiff was arraigned in Criminal Court.

22.    The false charges field against plaintiff were adjourned in contemplation of dismissal.

23.    Plaintiff was treated at Interfaith Hospital on two occasions beginning on October 27, 2006.

24.    As a result of defendants' actions, plaintiff experienced pain and physical injuries to his face, head, body, and wrists, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, damage to reputation, and medical expenses.

**FEDERAL CLAIMS AGAINST DERRICK MCINTOSH, VLAD KOGAN, ROBERTO DOMINICCI, AND JOHN DOES 1-5**

25.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-24 as if fully set forth herein.

26.    The conduct of Police Officer Derrick Mcintosh, Police Officer Vlad Kogan, Sergeant Roberto Dominicci, and John Does 1-5, as described herein, amounted to false arrest, excessive force, an illegal strip search, and fabricated evidence.  This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

4

**FEDERAL CLAIM AGAINST THE CITY OF
NEW YORK**

27.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28.    The City of New York directly caused the constitutional violations suffered by plaintiff.

29.    Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that the individual defendants are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein.  Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

30.    The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees;

d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      April 13, 2007
            Brooklyn, New York

                          CARDINALE & MARINELLI
                          26 Court Street, Suite 1815
                          Brooklyn, New York 11242
                          (718) 624-9391


                          By:


                              S/
                          _____

                          RICHARD J. CARDINALE (RC-8507)