

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Barry K. Myrvold<br>*Special Federal Litigation*<br>(212) 788-9391<br>(212) 788-9776 (fax)<br>bmyrvold@law.nyc.gov |
|---|---|---|



April 25, 2007

**By U.S. Mail**
Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2270
New York, New York 10007-1312



      Re:    Teddy Farmer v. The City of New York, et al.,
             07-CV-2982 (NRB)

Your Honor:

      I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendant City of New York in this action. I am writing to respectfully request an extension of time from May 3, 2007 to July 3, 2007, to respond to the complaint on behalf of the City of New York.[1] Plaintiff's counsel consents to this application for an extension.

      There are several reasons for seeking this extension of time to respond to the complaint. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Here, it is alleged that on October 26, 2006, plaintiff Teddy Farmer was falsely arrested on unspecified charges, subjected to excessive force and illegally strip searched. The charges were adjourned in contemplation of dismissal. Currently this office is in the process of forwarding to plaintiff's

---

[1] Plaintiff's counsel, Mr. Cardinale, advises me that the individually-named defendants, Police Officers Derrick McIntosh, Vlad Kogan, and Roberto Dominicci, have not been served and, as of this date, we have not received requests for representation from any of them. Without appearing on their behalf, it is respectfully requested that, if they have been properly served, the same extension be granted to them in order to ensure that their defenses are not jeopardized while representation issues are being decided.

Honorable Naomi R. Buchwald
Farmer v. NYC, et al.
April 25, 2007
Page 2

counsel for execution a consent and authorization for the release of records that may have been sealed pursuant to N. Y. Criminal Procedure Law § 160.50. The executed release is necessary for our office to obtain the District Attorney, Criminal Court and police records pertaining to plaintiff's alleged false arrest. This office is also in the process of forwarding to plaintiff's counsel for execution medical releases, which are necessary for our office to obtain the medical records pertaining to plaintiff's alleged injuries and treatment.

Further, assuming plaintiff has effected timely service on the individual defendants, the sixty-day extension is necessary to allow time for this office to determine, pursuant to N.Y. General Municipal Law § 50-k and based on a review of the facts of the case, whether we may represent the individually-named defendants. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that the City's time to respond to the complaint be extended until July 3, 2007. No previous requests for extensions of time to respond to the complaint have been made in this action.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Barry K. Myrvold (BM6908)
Special Federal Litigation

cc:   Richard Cardinale, Esq.          By U.S. Mail
      Cardinale & Marinelli
      *Attorneys for Plaintiff*