UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
TEDDY FARMER,

                Plaintiff,

    - against –

THE CITY OF NEW YORK, POLICE OFFICER DERRICK MCINTOSH (Shield No. 8849), POLICE OFFICER VLAD KOGAN, SERGEANT ROBERTO DOMINICCI, POLICE OFFICERS JOHN DOES 1-5,

                Defendants.
--------------------------------------------------------X

07 CV 2982 (NRB)

ANSWER OF DEFENDANTS CITY OF NEW YORK, DERRICK MCINTOSH, VLAD KOGAN, AND ROBERTO DOMINICCI

JURY TRIAL DEMANDED

        Defendants, CITY OF NEW YORK, DERRICK MCINTOSH, VLAD KOGAN, and ROBERTO DOMINICCI, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, answering the complaint, dated April 13, 2007:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff has commenced an action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

        5. Admit the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Derrick McIntosh was on October 26, 2006 employed by the City of New York as a Police Officer, was involved in plaintiff's arrest, and that plaintiff purports to sue McIntosh in his individual capacity as stated therein.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Vlad Kogan was on October 26, 2006 employed by the City of New York as a Police Officer, and that plaintiff purports to sue Kogan in his individual capacity as stated therein.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Roberto Dominicci was on October 26, 2006 employed by the City of New York as a Police Sergeant, was involved in plaintiff's arrest, and that plaintiff purports to sue Dominicci in his individual capacity as stated therein..

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff and Kenyatta Lebraun entered the lobby of 137 MacDonough Street, Brooklyn, New York.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Police Officer Derrick McIntosh demanded entry into the building.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that officers were admitted into the building.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff was taken to the 79th Precinct for arrest processing.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the disposition of the charges.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to paragraph "25" of the complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "24" as though fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to paragraph "27" of the complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "26" as though fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

### First Affirmative Defense

31. Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

32. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

### Third Affirmative Defense

33. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### Fourth Affirmative Defense

34. Any damage or injury alleged in the complaint was caused or contributed to, in whole or in part, by reason of plaintiff's culpable or negligent conduct and was not the proximate result of any act of defendants.

### Fifth Affirmative Defense

35. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of

proper and lawful discretion. Therefore, the municipal defendant has governmental immunity from liability.

### Sixth Affirmative Defense

36. There was probable cause for plaintiff's arrest and detention.

### Seventh Affirmative Defense

37. Plaintiffs cannot obtain punitive damages as against the City of New York.

### Eighth Affirmative Defense

38. Defendants McIntosh, Kogan and Dominicci have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

WHEREFORE, defendants demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         July 3, 2007

>                                Respectfully submitted,
>
>                                MICHAEL A. CARDOZO
>                                Corporation Counsel of the City of New York
>                                *Attorney for Defendants*
>                                CITY OF NEW YORK, DERRICK MCINTOSH, VLAD KOGAN and ROBERTO DOMINICCI
>                                100 Church Street, Room 3-162
>                                New York, New York  10007
>                                (212) 788-9391
>
>                                         /s/
>                                By:_____
>                                Barry K. Myrvold, Esq. (BM6908)

- 6 -

TO:  Richard J. Cardinale, Esq.
     Cardinale & Marinelli
     *Attorneys for Plaintiff*
     26 Court Street, Suite 1815
     Brooklyn, New York 11242
     (718) 624-9391

Case 1:07-cv-02982-NRB     Document 3     Filed 07/03/2007     Page 6 of 7

- 6 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

<u>By ECF:</u>
Richard J. Cardinale, Esq.
Cardinale & Marinelli
*Attorneys for Plaintiff*
26 Court Street, Suite 1815
Brooklyn, New York 11242
 (718) 624-9391

DATED:   New York, New York
         July 3, 2007

/s/
_____
Barry K. Myrvold (BM6908)