UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

TEDDY FARMER,                                                    07 CV 2982 (NRB)

                           Plaintiff,

                                                    ANSWER OF DEFENDANTS
    - against –                                    CITY OF NEW YORK, DERRICK
                                                    MCINTOSH, VLAD KOGAN, AND
THE CITY OF NEW YORK, POLICE               ROBERTO DOMINICCI TO FIRST
OFFICER CARLOS COLON, POLICE               AMENDED COMPLAINT
SERGEANT ROBERTO DOMINICCI,
POLICE OFFICER DOUGLAS GRAHAM,
POLICE OFFICER VLAD KOGAN,                      JURY TRIAL DEMANDED
POLICE OFFICER DERRICK MCINTOSH,

                           Defendants.
-------------------------------------------------------X

        Defendants[1], CITY OF NEW YORK, DERRICK MCINTOSH, VLAD

KOGAN, and ROBERTO DOMINICCI, by their attorney, Michael A. Cardozo,

Corporation Counsel of the City of New York, answering the First Amended Complaint,

November 7, 2007 ("complaint"):

        1.  Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff has commenced an action as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as

stated therein.

        3.  Deny the allegations set forth in paragraph "3" of the complaint, except

admit that plaintiff purports to base venue as stated therein.

_____

[1] Upon information and belief, the newly added defendants, Police Officers Carlos Colon
and Douglas Graham, have not been served with the summons and complaint.

4.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5.   Admit the allegations set forth in paragraph "5" of the complaint.

6.   Deny the allegations set forth in paragraph "6" of the complaint, except admit that Carlos Colon was on October 26, 2006 employed by the City of New York as a Police Officer, was involved in plaintiff's arrest, and that plaintiff purports to sue him in his individual capacity as stated therein.

7.   Deny the allegations set forth in paragraph "7" of the complaint, except admit that Dominicci was on October 26, 2006 employed by the City of New York as a Police Sergeant, was involved in plaintiff's arrest, and that plaintiff purports to sue him in his individual capacity as stated therein.

8.   Deny the allegations set forth in paragraph "8" of the complaint, except admit that Graham was on October 26, 2006 employed by the City of New York as a Police Officer, was involved in plaintiff's arrest, and that plaintiff purports to sue him in his individual capacity as stated therein.

9.   Deny the allegations set forth in paragraph "9" of the complaint, except admit that Kogan was on October 26, 2006 employed by the City of New York as a Police Officer, and that plaintiff purports to sue him in his individual capacity as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that McIntosh was on October 26, 2006 employed by the City of New York as a Police Officer, was involved in plaintiff's arrest, and that plaintiff purports to sue McIntosh in his individual capacity as stated therein.

11.   Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff and Kenyatta Lebraun entered the lobby of 137 MacDonough Street, Brooklyn, New York.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that McIntosh sought entry into the building.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that officers were admitted into the building.

15.   Deny the allegations set forth in paragraph "15" of the complaint, except admit that Colon and Graham arrived at the scene.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was taken to the 79th Precinct for arrest processing.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the disposition of the charges.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to paragraph "26" of the complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "25" as though fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to paragraph "28" of the complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "27" as though fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

## First Affirmative Defense

32. Plaintiff's complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

33. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

### Third Affirmative Defense

34. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### Fourth Affirmative Defense

35. Any damage or injury alleged in the complaint was caused or contributed to, in whole or in part, by reason of plaintiff's culpable or negligent conduct and was not the proximate result of any act of defendants.

### Fifth Affirmative Defense

36. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the municipal defendant has governmental immunity from liability.

### Sixth Affirmative Defense

37. There was probable cause for plaintiff's arrest and detention.

### Seventh Affirmative Defense

38. Plaintiff cannot obtain punitive damages as against the City of New York.

### Eighth Affirmative Defense

39. Defendants McIntosh, Kogan and Dominicci have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

WHEREFORE, defendants demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:     New York, New York
           November 19, 2007

                                        Respectfully submitted,

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New
                                        York
                                        *Attorney for Defendants*
                                        CITY OF NEW YORK, DERRICK
                                        MCINTOSH, VLAD KOGAN and
                                        ROBERTO DOMINICCI
                                        100 Church Street, Room 3-162
                                        New York, New York  10007
                                        (212) 788-9391


                                        By:_____
                                        Barry Myrvold


TO:  Richard Cardinale
     Cardinale & Marinelli
     *Attorneys for Plaintiff*
     26 Court Street, Suite 1815
     Brooklyn, New York 11242
     (718) 624-9391

CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

By ECF:
Richard J. Cardinale, Esq.
Cardinale & Marinelli
*Attorneys for Plaintiff*
26 Court Street, Suite 1815
Brooklyn, New York 11242
 (718) 624-9391

DATED:       New York, New York
             November 19, 2007

Barry Myrvold